(June 7, 1910.)

## CHASE NATIONAL BANK OF NEW YORK, Appellant, v. M. P. MEHOLIN, Receiver, Respondent.

[109 Pac. 510.]

PROMISSORY NOTE—ATTORNEYS' FEES—STIPULATION FOR—EXCHANGE.

(Syllabus by the court.)

1. *Held,* under the facts of this case that the stipulation for attorneys' fees or legal services was in regard to the collection of collateral notes, and did not contemplate attorneys' fees for the collection of the principal note.

2. Where it is stipulated in a promissory note that a debt shall be paid at the residence of the payee and that the payer shall also pay exchange charges, and the payee thereafter receives and accepts the payment at the residence of the payer, he thereby waives exchange charges and cannot thereafter recover such charges.

APPEAL from the District Court of the Third Judicial District, for Ada County: Hon. Fremont Wood, Judge.

Action to recover attorneys' fees and exchange charges. Judgment for defendant. *Affirmed.*

Cavanah & Blake, for Appellant.

The terms of the note apply to all amounts realized from a sale of the notes or collection of any of said collateral security or the note. Therefore, the payee in the note is entitled to all expenses paid by it as attorney's fees for services disclosed by the facts which are legal services. (*McGhee v. Importers' & Traders' Nat. Bank,* 93 Ala. 192, 9 So. 734; *Monroe v. Staser,* 6 Ind. App. 364, 33 N. E. 665.)

After the Capital State Bank was placed in the hands of a receiver by order of the court in an action instituted by Orlando Bacon, it became necessary for the appellant to file its claim upon its note, and by so doing the holder of the note is entitled to an attorney fee. (*Davidson v. Vorse,* 52 Iowa, 384, 3 N. W. 477.)

Wyman & Wyman, for Respondent, cite no authorities.

SULLIVAN, C. J.—This action was brought against the receiver of the Capital State Bank of Boise City to recover the sums of $904.54, paid by appellant as attorneys' fees in the collection of a balance due upon a promissory note of the respondent, and $22.34 paid as exchange charges in remitting money from Boise, Idaho, to New York City.

The case was submitted to the court on an agreed stipulation of facts, which, in substance, discloses that the appellant is engaged in the banking business in the city of New York, and said Capital State Bank was also engaged in the same business in Boise City; that on January 20, 1908, said Capital State Bank failed and was placed in the hands of a receiver; that on December 19, 1907, appellant loaned and advanced to said Capital State Bank the sum of $50,000, as evidenced by its promissory note, and at the time of the execution of said

note said Capital State Bank delivered to appellant certain collateral notes, which are set forth in the stipulated facts; that immediately thereafter said Capital State Bank was placed in the hands of a receiver, and appellant placed said promissory note with said collateral notes in the hands of the law firm of Cavanah & Blake of Boise City for attention and collection, who thereafter filed with the receiver the claim of appellant in writing, claiming the sum of $18,594.11 as the balance then due as principal and interest on said promissory note, and also claimed $904.54 as attorneys' fees and $22.34 as exchange charges; that in remitting the amount paid by the receiver from Boise to New York City, the appellant paid in exchange said sum of $22.34; that the services rendered by the said law firm in said matter were in preparing and filing said claim of appellant with the receiver and in collecting from said receiver and the makers of said collateral notes said sum of $18,594.11, and in appearing and assisting on behalf of plaintiff in the case of *State v. Walter S. Bruce,* a former receiver of said Capital State Bank, in the district and supreme courts of Idaho, which involved the question as to the preference right of the state to the funds held by the receiver as against other creditors; that said attorneys' fees and exchange, excepting the sum of $532.35, have not been paid; that said sums are reasonable for said legal services and exchange charges; that at the time appellant filed its said claim with said receiver, and at different times thereafter, the receiver requested appellant's attorneys not to proceed by suit against the makers of the collateral notes, as such action would hinder and delay the receiver in the collection of other sums owing to the Capital State Bank, and for that reason no suits were brought by appellant on said collateral notes; that about August 22, 1908, appellant presented to the respondent a statement of the balance claimed to be due the appellant on account of said notes, from which it appeared that there was $2,611.95 due at that time; that said sum did not include the claim of appellant for attorneys' fees and exchange charges; that respondent believing said account to be correctly stated, thereupon paid the said sum of $2,611.95,

leaving the question of liability for attorneys' fees and exchange to be settled by the court; that said account was not correctly stated, as appellant had not given respondent credit for $532.35 collected by appellant through the First National Bank of Boise City, Idaho, on one of said collateral notes without the knowledge of appellant's or respondent's attorneys; that shortly thereafter the respondent first discovered that appellant had collected said sum of $532.35, and he immediately thereupon demanded payment thereof from appellant, but appellant is retaining said sum to apply on said attorneys' fees and said exchange charges.

Respondent prayed for judgment in his answer by way of counterclaim for said sum of $532.35, and the court thereupon rendered a judgment for that amount. This appeal is from the judgment.

The only question involved in this case is whether or not the promissory note executed by the Capital State Bank is broad enough in its terms to provide for the allowance of attorneys' fees and exchange charges under the stipulated facts. There is no question but that said note provides for attorneys' fees under some circumstances. The trial court held in effect that said promissory note did not provide for exchange charges, and only provided for an attorney's fee in case of a sale of the collateral notes therein referred to. It is contended by counsel for appellant that the court erred in holding that before an allowance of an attorney's fee could be made, under the terms of said promissory note, a sale of the collateral notes given as security for its payment must occur. That part of the promissory note which relates to this question is as follows:

"And hereby authorize said bank upon or after the nonperformance of this promise or upon or after failure to furnish further security as hereafter agreed, to sell the whole or any part of said collateral security, or substitutes therefor or additions thereto, at any Brokers' Board or at public or private sale at the option of said Chase National Bank without notice of intention to sell or of time or place of sale and without demand of payment of this note or of any of said

demands and after deducting all expenses, including all for-legal services arising from or incidental to the sale, realization, or collection of any of said collateral security, substitutions or additions, or of any of said demands, including this note, to apply the residue of the proceeds to pay any or all of said demands, in whole or in part, due or not due, including this note, making rebate of interest upon demands not matured by their terms.''

Omitting certain qualifying phrases, said contract would read as follows:

·   ''And hereby authorize said bank . . . . to sell the whole or any part of said collateral security . . . . and after deducting all expenses, including all for legal services arising from or incidental to the sale, realization or collection of any of said collateral security . . . . or of any of said demands, including this note, to apply the residue of the proceeds to pay any or all of said demands in whole or in part, due or not due, including this note, making a rebate of interest upon demands not matured by their terms.''

Said provision of the contract as above skeletonized is perfectly clear to our minds as to its meaning, if the phrase, to wit, ''including this note,'' be excluded therefrom. All of the legal services referred to clearly apply to the collection of the security notes, omitting that phrase. Said contract clearly contemplates the payment of attorneys' fees out of the proceeds of the sale of the collateral notes, provided legal services are necessary and are rendered in the sale or collection of the security notes. The provisions of the original promissory note contemplate the payment of it out of the sale or collection of the security notes, provided the maker fails to pay it. That contract does not contemplate the bringing of a suit on the principal note or the payment for legal services for its collection; but the legal services contemplated were services in regard to the sale or collection of the security notes and out of the proceeds resulting from such sale or collection the principal note was to be paid. That being true,. we do not think that it was intended that said phrase, to wit,. ''including this note,'' contemplated the payment for legal.

services for the collection of the principal note, as that note was to be paid from the proceeds of the sale or collection of the collateral notes, and the legal services to be paid for were such services as might be rendered in the sale and collection of such security notes and to be paid out of the proceeds derived from the sale or collection of such security notes.

In regard to the payment of exchange charges, the appellant might have refused, under its contract, to receive the money at any other place than at its banking-house in New York City, when as a matter of fact it did accept the payment in Boise City and did not at that time exact the payment of the exchange charge. That being true, the appellant cannot now recover that charge.

We therefore conclude that the judgment of the district court must be affirmed, and it is so ordered, with costs in favor of the respondent.

Ailshie, J., concurs.